UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LOWCOUNTRY MALE, LLC,<br><br>   Petitioner,<br><br>vs.<br><br>ISABELLA CASILLAS GUZMAN, in her official capacity as Small Business Administration Administrator, and UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>   Respondents. | CIVIL ACTION NO: 2:23-cv-2231-RMG<br><br><br>**PETITION FOR JUDICIAL REVIEW OF FINAL AGENCY DECISION** |

  NOW COMES THE PETITIONER, Lowcountry Male LLC ("LCM" or "Petitioner"), by and through undersigned counsel, and respectfully submits this Petition for Judicial Review of Final Agency Decision. In support of this Petition, LCM states as follows:

## PARTIES, JURISDICTION, AND VENUE

  1. LCM is a limited liability company organized and existing under the laws of the State of South Carolina, and with its principal office located in North Charleston, South Carolina.

  2. Upon information and belief, Isabella Casillas Guzman is the Administrator for the Small Business Administration.

  3. The United States Small Business Administration ("SBA") is an independent agency of the federal government.

  4. Michael Twilley ("Twilley") is an individual and citizen of the State of South Carolina. Twilley is the owner of LCM.

  5. This Court has jurisdiction over the subject matter at issue pursuant to 28 U.S.C. § 1331 and 13 C.F.R. § 134.1211(g).

2

6. Venue is proper in this Court under 28 U.S.C. § 1391, as the events giving rise to this action occurred in the District of South Carolina.

## FACTS

7. On or about May 4, 2020, LCM applied for a Paycheck Protection Program ("PPP") loan through Bank of America.

8. LCM did in fact receive the PPP loan on May 4, 2020, in the amount of $228,160.00, and used the loan during its covered period of May 4, 2020 through October 18, 2020 for qualified, payroll-related expenses for LCM employees.

9. LCM operates two lines of business under the "Lowcountry Male" and "AquaVitae" brands. The Lowcountry Male brand focuses its products and services on men, while the AquaVitae brand focuses its products and services on women.

10. LCM operates a retail store in North Charleston, South Carolina, where it sells both Lowcountry Male and AquaVitae products and services. LCM further makes its products and services available through websites, available at www.lowcountrymale.com and www.aquavitality.com.

11. LCM's employees include both men and women, and the retail location in North Charleston is likewise open to both men and women. Although LCM usually sells Lowcountry Male products to men and AquaVitae products to women, female customers also buy products for men from LCM and male customers buy products for women from LCM.

12. The COVID-19 pandemic affected LCM significantly, its business, and its employees, but the PPP loan helped LCM weather the storm of the pandemic and continue operations.

13. Twilley filed an application for forgiveness with Bank of America for the PPP loan.

50886134 v2

14. Twilley attempted to contact the PPP loan lender, Bank of America, but did not receive any response for a considerable time.

15. When Twilley did ultimately receive a response, Bank of America indicated there was nothing it could do for Twilley or LCM.

16. On or about February 16, 2023, Twilley received the SBA's final decision (the "Final Decision"), which denied forgiveness of the PPP loan.[1] A true and correct copy of the Final Decision is attached as **Exhibit A**.

17. The Final Decision's rationale that LCM was ineligible for a PPP loan was that:

It has been determined that borrower provides services that restricts patronage other than capacity. Additionally, the SBA requested the following information to calculate the Origination amount, determine the borrower's eligibility, and/or support forgiveness, however, no response was received.

Absent from the file are the following:

  1. Affidavit signed and notarized by the borrower that states the business is open to both men and women
  2. Evidence that the facility is open to both men and women by providing documented membership demographics.

18. Twilley sought on multiple occasions to upload his affidavit stating the business is open to both men and women to the Bank of America PPP portal, but was unable to do so. Nonetheless, Twilley did obtain an affidavit, dated October 7, 2022, that directly addresses this information (the "October 2022 Affidavit").

19. Again, based on publicly-available information that LCM actively advertises (both in its retail store and online presence), it is clear that LCM offers two distinct product lines to both men and women.

---

[1] The SBA's notice was dated January 11, 2023, but Twilley did not receive the notice until February 16, 2023. Further, Twilley did not receive the notice from SBA, but instead received it through Bank of America.

50886134 v2

20. In any event, Bank of America evidently ignored this information, and failed to provide this information to SBA, thus leading to SBA's Final Decision.

21. Twilley, who is not an attorney, accountant, or blessed with significant technological skills, owns a small business in South Carolina.

22. Seemingly left without recourse, Twilley attempted to research information pertaining to the appeal of an SBA decision through the SBA's Office of Hearings and Appeals ("OHA"), and was initially directed back to the SBA, and then subsequently to an OHA online appeal portal (the "Portal"). The Portal is available at www.appeals.sba.gov.

23. Twilley read the instructions available through the Portal, and sought to locate published decisions from OHA about PPP appeals, but could not locate anything helpful, through the Portal and elsewhere.

24. Not to be deterred, Twilley nonetheless sought to complete the information referenced in the Portal and filed his appeal on February 17, 2023 – the day after LCM received the SBA final loan review decision.

25. While filing his appeal online through the Portal, Twilley attempted to upload a copy of the SBA Final Decision, but the portal would not accept the copy of its own decision.

26. Despite not accepting the copy of the SBA Final Decision, the Portal stated the appeal was "in progress." Attached as **Exhibit B** a copy of a "screenshot" of the Portal reflecting this information.

27. Based on the Portal appeal status reflected as "in progress," Mr. Twilley was – reasonably – under the impression that his appeal had been filed and was, in fact, in progress.

28. To that end, Mr. Twilley awaited communications from either SBA or OHA, which he understood would be done in connection with the appeal.

50886134 v2

5

29. After waiting for weeks, with no contact from either SBA or OHA, Twilley contacted undersigned counsel, and requested representation in connection with the appeal.

30. Undersigned counsel sought access to LCM's appeal information through the Portal, but was unable to receive access.

31. Only on March 31, 2023 was undersigned able to access the Portal, change the contact information as required, and supplement the appeal – which OHA's own Portal indicated was pending – by uploading the SBA Final Decision, the screen shot from the Portal from February 27, 2023 for the appeal, and other information in connection with the appeal.

32. On April 4, 2023, OHA issued an Order to Show Cause why the appeal should not be dismissed as untimely. LCM, through counsel, promptly and timely submitted its response to the Show Cause Order. A true and correct copy of the response to the Show Cause Order is attached as **Exhibit C**.

33. After receiving the response to the Show Cause Order, OHA dismissed LCM's appeal as untimely (the "Dismissal Order").  A true and correct copy of the Dismissal Order is attached as **Exhibit D**.

34. Pursuant to 13 C.F.R. § 1211(b), the OHA's order became a final decision after thirty (30) days from the date of its decision dismissing the appeal. It is from that decision which LCM petitions for judicial review pursuant to 13 C.F.R. § 1211(g).

**FOR A FIRST CAUSE OF ACTION**
**(Judicial Review of Final Agency Action Under 5 U.S.C. § 702)**

35. LCM incorporates by reference the foregoing allegations as if fully stated herein.

36.  As required under 13 C.F.R. § 1202(a),

> An appeal petition must be filed with OHA within 30 calendar days after the appellant's receipt of the final SBA loan review decision. To file and manage an appeal of a final

5

> SBA loan review decision with OHA, refer to the OHA Case Portal . . . An appellant is required to use the OHA Case Portal to file and manage their appeal.

13 C.F.R. § 134.1202(a).

37.  The applicable regulation does not define what it means to "file" an appeal petition, nor does applicable governing case law, upon information and belief.

38.  Moreover, the applicable regulation states that "[a]n appeal *petition*" must be filed with OHA; the regulation establishes no requirement that a copy of the SBA Final Decision, or any other document, be uploaded or filed by that time, either.

39.  The record is clear, and the facts are undisputed, that Twilley, on behalf of LCM, filed an appeal to OHA of the Final Decision on February 17, 2023 using the Portal.

40.  In fact, Twilley provided OHA with a screenshot confirming that his appeal was in progress as of February 17, 2023 at 3:23:27 PM EST. *See* Exhibit B.

41.  OHA's decision that LCM did not "timely" file an appeal through the Portal is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, as defined under 5 U.S.C. § 706(2)(A), as federal regulations make no determination or venture to define what it means to "file" an appeal through the Portal, nor do the regulations require anything other than a petition to be filed (not any exhibits or other documents, such as the Final Decision) and all evidence in this case points to the conclusion that LCM, through Twilley, timely filed its appeal.

42.  Moreover, even to the extent SBA or OHA did define what it means to file an appeal through the Portal, the Portal's reflection that the appeal was in progress well before any appeal deadline expired strongly supports the conclusion that LCM's appeal was timely filed. Accordingly, OHA's decision, which flat-out disregards the fact that OHA's own Portal *indicated the appeal was pending* before the deadline expired, makes the Dismissal Order "unsupported by substantial evidence" under 5 U.S.C. § 706(2)(E). SBA cannot reasonably take the position that

the Dismissal Order is supported by substantial evidence *when its own documents* indicate the appeal was filed.

43. Additionally, the only reason why OHA dismissed the appeal was because LCM was unable to post the related SBA notice – which was due solely to problems with uploading a copy to the Portal. Nevertheless, SBA, through OHA, takes the position that adding a copy of its own notice is jurisdictional for purposes of the appeal. Such a position is not stated by regulation, nor do other administrative courts throughout the country, such as the United States Tax Court, take such a position. Accordingly, the Dismissal Order is once again arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A), and/or the Dismissal Order is not supported by substantial evidence under 5 U.S.C. § 706(2)(E).

WHEREFORE, Petitioner prays as follows:

    A. An order vacating the Dismissal Order and remanding the matter to the Small Business Administration for further consideration;

    B. An award of Petitioner's costs and attorney's fees as permitted by statute; and

    C. Such other relief that this Court deems just and proper.

Respectfully submitted, this 24th day of May, 2023.

    */s/ Erik P. Doerring*
Erik P. Doerring (Fed. ID No. 6011)
E-mail: edoerring@burr.com
G. Wade Leach, III (Fed. ID No. 13412)
E-mail: wleach@burr.com
Burr & Forman LLP
1221 Main Street, Suite 1800 (29201)
Post Office Box 11390 (29211)
Columbia, South Carolina
T: (803) 799-9800
F: (803) 933-1513
Attorneys for Petitioner